IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KLUCK,<br>259 Washington Avenue<br>Oil City, PA 16301 | : <br> : <br> : <br> : | Civil Action No. 1:20-cv-373 |
| Plaintiff, | : <br> : | COMPLAINT |
| vs. | : <br> : <br> : | FILED ON BEHALF OF:<br>Plaintiff, John Kluck |
| | : <br> : <br> : | COUNSEL OF RECORD FOR PARTY: |
| OIL CITY AREA SCHOOL DISTRICT,<br>825 Grandview Road<br>Oil City, PA 16301 | : <br> : <br> : <br> : <br> : <br> : | Neal A. Sanders, Esquire<br>PA ID No. 54618<br>Law Offices of Neal A. Sanders<br>262 South Water Street<br>Suite 200<br>Kittanning, PA  16201 |
| | : <br> : | (724) 919-8884 |
| | : <br> : | Electronically Filed |
| | : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff John Kluck, complaining of Defendant Oil City Area School District, alleges as follows:

### PARTIES

1. Plaintiff, John Kluck, is an individual citizen who currently resides at 259 Washington Avenue, Oil City, Pennsylvania  16301.

2. Defendant, Oil City Area School District, is the primary and secondary public school district for the Oil City area.  Defendant has administrative offices and principle place of business located at 825 Grandview Road, Oil City, Pennsylvania 16301.

1

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.

4. Jurisdiction this action is conferred upon this Court by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

5. Venue is properly laid in the Western District of Pennsylvania, because the Defendant does business within this District and all transactions and occurrences which give rise to this action occurred within this District.

## COUNT I
## TITLE VII
## Hostile Environment Based On Gender/Sexual Orientation

6. The Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(a) and (b) in that it is a "persons" engaged in an industry affecting commerce which has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

7. At all times relevant hereto, Plaintiff was a member of a class protected under the provisions of Title VII by reason of his gender/sexual orientation.

8. For approximately twenty years prior to June 2020, Plaintiff was employed by the Defendant as a third grade teacher at the Seventh Street Elementary School.

9. On or about June 2, 2020, Plaintiff was informed that the Defendant was transferring him to the position of fifth grade teacher at the Oil City Middle School ("Middle School").

10. The fifth grade class room at the Middle School is directly across the hall from the classroom of a teacher, CG, who, it was well known, had declined to join the teacher's union because of the union's pro-LGBTQ policies.

11. Because Plaintiff feared that CG would subject him to a hostile environment because of his sexual orientation, Plaintiff objected to this transfer.

12. The Defendant's only response to Plaintiff's objections was to offer to relocate Plaintiff's classroom down the hall from CG's classroom, rather than directly across the hall.

13. The only reason the Defendant gave for transferring Plaintiff to the fifth grade teacher position at the Middle School was that it was "for the good of the district."

14. The Defendant did not, as has not, explained why the "good of the district" would not have been equally well served by placing the female teacher who replaced Plaintiff as third grade teacher into the fifth grade teacher position instead.

15. As a result of the transfer, Plaintiff has suffered a loss of wages in the amount of $1497 per year.

16. Plaintiff began working as a fifth grade teacher at the Middle School as the start of the 2020-2021 school year.

17. Since the start of the 2020-2021 school year, CG has not spoken to Plaintiff and has made a show of refusing to acknowledge Plaintiff's presence by doing such things as pointedly turning away from Plaintiff when they are both in the hallway near their classrooms.

18. Shortly after the start of the 2020-2021 school year, Mr. Kasunic, principal of the Middle School, sent an instant message to every teacher at the Middle School except Plaintiff, asking the teachers to keep an eye on Plaintiff and to report any unfriendly or disruptive behavior to the principal's office.

19. Mr. Kasunic's instant message to all of the other Middle School teachers has undermined Plaintiff's relationship with those teachers as many now believe that he is likely to engage in unfriendly and disruptive behavior.

20. By reason of the foregoing, the Defendants, acting through their servants, agents and employees, knowingly permitted and created a hostile work environment because of Plaintiff's gender/sexual orientation. The harassment and disparate treatment was sufficiently severe to alter the terms and conditions of Plaintiff's employment and interfere with Plaintiff's ability to perform his duties.

21. Plaintiff was adversely affected by the above stated actions. Specifically, Plaintiff suffered from anxiety and depression as a result of the foregoing actions.

22. A reasonable person subjected to the acts set forth herein would find Plaintiff's work environment abusive and hostile.

23. On or about August 21, 2020, Plaintiff filed a formal internal complaint alleging that being transferred without valid reason constituted discrimination on the basis of sexual orientation, but the Defendant failed to take prompt remedial action reasonably calculated to prevent further harassment. Accordingly, there is a basis for vicarious liability.

24. The instant message to all of the Middle School teachers implying that Plaintiff was likely to engage in unfriendly and disruptive behavior was carried out by the principal of the Middle School, an individual with actual authority over the Plaintiff, such that there is a basis for vicarious liability.

25. By reason of the foregoing, the Defendant discriminated against Plaintiff because of his gender/sexual orientation when it subjected him to a hostile work environment and in doing so, the Defendant violated Title VII, 42 U.S.C. §2000e *et seq*.

26.     As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered economic losses in the amount of $1497 per school year, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect himself from Defendants' unlawful discrimination, including the costs and reasonable attorney's fees of this action.

27.     Prior to initiating this action, Plaintiff filed an administrative charge of hostile environment discrimination based on gender/sexual orientation and retaliation with the EEOC. A Right to Sue Notice was issued on October 15, 2020.  Less than 90 (ninety) days have elapsed since receipt.  A true and correct copy of this decision is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants and award Plaintiff back pay and front pay based on the $1497 per school year pay differential, compensatory damages for humiliation, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

## COUNT II
## TITLE VII
### Retaliatory Hostile Environment

28.     Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 27 as though the same were set forth herein at length and made a part hereof.

29.     On or about August 21, 2020, Plaintiff engaged in protected activity by filing a formal internal complaint alleging that the Defendant's decision to transfer him from the third grade teacher position at the Seventh Street Elementary School to the fifth grade teacher position at the Middle School discriminated against him because of his sexual orientation.

30. Shortly after the start of the 2020-2021 school year, Mr. Kasunic, principal of the Middle School, sent an instant message to every teacher at the Middle School except Plaintiff, asking the teachers to keep an eye on Plaintiff and to report any unfriendly or disruptive behavior to the principal's office.

31. Mr. Kasunic's instant message to all of the other Middle School teachers has undermined Plaintiff's relationship with those teachers as many now believe that he is likely to engage in unfriendly and disruptive behavior.

32. A reasonable employee would be dissuaded from making or supporting a claim of discrimination by having an instant message sent to all of his coworkers implying that he was likely to engage in unfriendly and disruptive behavior.

33. By reason of the foregoing, the Defendants, acting through their servants, agents and employees, knowingly permitted and created a hostile work environment because of Plaintiff's prior protected activity.  The harassment and disparate treatment was sufficiently severe to alter the terms and conditions of Plaintiff's employment and interfere with Plaintiff's ability to perform his duties.

34. Plaintiff was adversely affected by the above stated actions.  Specifically, Plaintiff suffered from anxiety and depression as a result of the foregoing actions.

35. A reasonable person subjected to the acts set forth herein would find Plaintiff's work environment abusive and hostile.

36. The instant message to all of the Middle School teachers implying that Plaintiff was likely to engage in unfriendly and disruptive behavior was carried out by the principal of the Middle School, an individual with actual authority over the Plaintiff, such that there is a basis for vicarious liability.

37. By reason of the foregoing, the Defendant retaliated against Plaintiff because of his prior protected activity when it subjected him to a hostile work environment and in doing so, the Defendant violated Title VII, 42 U.S.C. §2000e *et seq*.

38. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered lost wages and benefits and humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect himself from Defendants' unlawful discrimination, including the costs and reasonable attorney's fees of this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants and award Plaintiff lost wages and compensatory damages for humiliation, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS,

Dated: December 30, 2020

By:/s/Neal A. Sanders
Neal A. Sanders, Esquire
PA ID No. 54618
Counsel for Plaintiff,
 John Kluck

Law Offices of Neal A. Sanders
262 South Water Street
Suite 200
Kittanning, PA 16201

T (724) 919-8884
F (724) 919-8903

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

By:/s/Neal A. Sanders
Neal A. Sanders, Esquire